IN THE UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **Erin Moore,**<br><br>　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**Wake Forest University Baptist Medical Center**<br><br>　　　　　　**Defendants** | CIVIL NO. 21-CV-619<br><br>**AMENDED COMPLAINT**<br>**(Jury Trial Demanded)** |

COMES NOW, the Plaintiff, Erin Moore, by and through the undersigned counsel, who does allege and say of Defendant Wake Forest University Baptist Medical Center as follows:

## PARTIES

1.　Plaintiff Erin Moore (hereinafter "Moore") is an individual and resident of Statesville, Iredell County, North Carolina and was employed at Wake Forest Baptist Medical Center within the State of North Carolina.

2.　Defendant Wake Forest Baptist Medical Center, (hereinafter "Wake Forest Baptist Medical Center") is a North Carolina non-profit corporation with its principal place of business in Forsyth County, North Carolina.

## JURISDICTION AND VENUE

3.　The Federal District Court for the Middle District of North Carolina has personal jurisdiction over the Defendant by virtue of the Defendant's incorporation and operation of a place of business within this State and by virtue of the incidents giving rise to this complaint having occurred within this State.

4. The Federal District Court for the Middle District of North Carolina has subject matter jurisdiction over this action pursuant to § 28 U.S.C. 1331.

5. The Greensboro Division of the Middle District of North Carolina is the appropriate venue for this action pursuant to 42 U.S.C. § 2000e-5(f)(3) as such action is brought in the judicial district in the state in which the unlawful employment practice is alleged to have been committed.

## ALLEGATIONS OF FACT

6. Prior to her termination, Moore was employed at the Wake Forest Baptist Medical Center, in Winston-Salem, North Carolina, as a lactation consultant.

7. Prior to and during 2019, Moore was a board-certified lactation consultant with ten years of experience.

8. In 2019 Moore had certain certifications she would need to renew in order to maintain her status as a board-certified lactation consultant.

9. Wake Forest Baptist Medical Center hired Moore in or around July of 2019.

10. When Wake Forest Baptist Medical Center hired Moore, they were aware that she would have to renew her certification.

11. At the time of Moore's hiring, the certification was not required by law or regulation for the position of lactation consultant. However, Wake Forest Baptist Medical Center expressed a preference for the certification in the hiring process.

12. In the summer of 2019, Moore began to experience a flare-up of her lupus.

13. The certification exam schedule required Moore to register for the exam in May of 2019 in order to be recertified before the end of 2019.

14. Moore's lupus flare-up made it substantially likely that she would be unable to attend the October date due to potential effects of chemotherapy she was undertaking to combat the lupus.

15. In late July of 2019, after Moore's efforts to combat chemotherapy had been largely successful, Moore attempted to receive a special exception to sit for the October exam despite missing the May deadline.

16. Moore was unable to receive the special exemption she requested and sit for the October 2020 exam.

17. Moore's lupus flare-up prevented her from being able to sit for the next available renewal examination and as a result her certification would lapse.

18. Wake Forest Baptist Medical Center was aware that the certification would likely lapse due to Moore's lupus flareup at the time she was hired.

19. Moore applied for and received an extension of her certification due to being medically unable to sit for the exam in 2019.

20. On or about March 12, 2020, Moore's supervisor informed her she would be placed on administrative leave if she did not provide proof of her certification.

21. At such time, Moore had received an extension of her certification but the governing body that provided such extensions had not updated their system to reflect such extension.

22. On or about March 20, 2020, Wake Forest Baptist Medical Center informed Moore that she was being terminated from her employment and that she would not be allowed to retain her position by sitting for the 2020 recertification exam.

23. After Moore's termination, Wake Forest Baptist Medical Center hired another lactation consultant who lacked the exact certification for which Moore's termination was justified.

24. Moore timely filed a complaint with the Equal Employment Opportunity Commission alleging discrimination on the basis of retaliation and discrimination.

25. On May 7, 2021, The Equal Employment Opportunity Commission issued a notice of right to sue to Plaintiff.

## FIRST CLAIM FOR RELIEF
**(Discrimination on the Basis of Disability in Violation of 42 U.S.C. § 12101 *et seq.*)**

26. The preceding paragraphs are re-alleged as if fully stated herein.

27. Wake Forest Baptist Medical Center employed Plaintiff in an at-will capacity until her termination on or about March 20, 2020.

28. Wake Forest Baptist Medical Center was aware that Plaintiff required an accommodation relating to her certification due to her lupus flare-up.

29. Wake Forest Baptist Medical Center decision to terminate Plaintiff and replace her with a new employee missing the exact same certificate is strong indicia that she was pretextually terminated.

30. Plaintiff was terminated due to her disability, specifically her lupus and the associated treatment needs.

31. Plaintiff's termination by Wake Forest Baptist Medical Center was and is in violation of 42 U.S.C. § 12101, *et seq*.

32. Plaintiff was and is damaged by Wake Forest Baptist Medical Center actions in an amount more than $25,000.00 to be proven with more specificity at trial. This amount includes lost wages and compensatory damages related to Wake Forest Baptist Medical Center's wrongful discharge of Plaintiff.

33. Wake Forest Baptist Medical Center's actions as alleged in this Complaint were willful and wanton, were in reckless disregard of the Plaintiff's rights, and the Plaintiff is entitled to recover punitive damages against Wake Forest Baptist Medical Center pursuant to N.C. Gen. Stat. § 1D-15.

## SECOND CLAIM FOR RELIEF
**(Retaliatory Discharge in Violation of 42 U.S.C. §2000e *et seq*. and 42 U.S.C. §12101 *et seq.*)**

34. The preceding paragraphs are re-alleged as if fully stated herein.

35. Wake Forest Baptist Medical Center was aware that Plaintiff has been unable to sit for the recertification exam and that her certification would likely lapse.

36. Wake Forest Baptist Medical Center was aware that Plaintiff had worked to receive extension of her certification due to medical hardship and that she was working to provide proof of such hardship.

37. Wake Forest Baptist Medical Center's decision to terminate Plaintiff and replace her with a new employee missing the exact same certificate is strong indicia that Employer's stated reasons for firing Plaintiff were pretextual.

38. Wake Forest Baptist Medical Center terminated Plaintiff for engaging in protected activity by seeking a reasonable accommodation for her disability.

39. Plaintiff's termination by Wake Forest Baptist Medical Center was and is in violation of 42 U.S.C. § 2000e *et seq*. and 42 U.S.C. § 12101, *et seq*.

40. Plaintiff was and is damaged by Wake Forest Baptist Medical Center's actions in an amount more than $25,000.00 to be proven with more specificity at trial. This amount includes lost wages and compensatory damages related to the Wake Forest Baptist Medical Center's wrongful discharge of Plaintiff.

41. Wake Forest Baptist Medical Center's actions as alleged in this Complaint were willful and wanton, were in reckless disregard of the Plaintiff's rights, and the Plaintiff is entitled to recover punitive damages against Wake Forest Baptist Medical Center pursuant to N.C. Gen. Stat. § 1D-15.

### THIRD CLAIM FOR RELIEF
**(Common Law claim for Wrongful Discharge in Violation of Public Policy)**

42. The preceding paragraphs are re-alleged as if fully stated herein.

43. Wake Forest Baptist Medical Center was aware that Plaintiff has been unable to sit for the recertification exam and that her certification would likely lapse.

44. Wake Forest Baptist Medical Center was aware that Plaintiff had worked to receive extension of her certification due to medical hardship and that she was working to provide proof of such hardship.

45. Wake Forest Baptist Medical Center's decision to terminate Plaintiff and replace her with a new employee missing the exact same certificate is strong indicia that Employer's stated reasons for firing Plaintiff were pretextual.

46. Wake Forest Baptist Medical Center terminated Plaintiff on the basis of her disability, specifically her lupus and her associated medical needs.

47. Plaintiff's termination by Wake Forest Baptist Medical Center was and is in violation of North Carolina Public policy as expressed by North Carolina General Statute § 143-422.2.

48. Plaintiff was and is damaged by Wake Forest Baptist Medical Center's actions in an amount more than $25,000.00 to be proven with more specificity at trial. This amount includes

lost wages and compensatory damages related to Wake Forest Baptist Medical Center's wrongful discharge of Plaintiff.

49. Wake Forest Baptist Medical Center's actions as alleged in this Complaint were willful and wanton, were in reckless disregard of the Plaintiff's rights, and the Plaintiff is entitled to recover punitive damages against the Employer pursuant to N.C. Gen. Stat. § 1D-15.

## PRAYER FOR RELIEF

NOW WHEREFORE the Plaintiff does pray the Court as follows:

1. That the Plaintiff have and recover a judgment against Defendant in an amount to be proven more specifically at the time of trial, which judgment shall include lost wages, lost benefits, and economic and compensatory damages as allowed by law.

2. That an award of punitive damages against the Defendant be assessed for the Defendant's willful and wanton disregard of the Plaintiff's rights.

3. That all issues so triable be tried by jury.

4. That the costs of this action be taxed against the Defendant.

5. That an award of attorneys' fees be entered in favor of Plaintiff.

6. For such further and other relief as the Court deems just, fitting, and proper.

This is the 20th day of September 2021.

                    **Pope McMillan, P.A.**
                    Attorneys for the Plaintiff

                    By: /s/ Clark D. Tew
                          Clark D. Tew
                          N.C. State Bar No. 41632
                          P.O. Drawer 1776
                          Statesville, NC 28687
                          (704) 873-2131
                          ctew@popemcmillan.com